**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Kalama M. Lui-Kwan (SBN 242121)
kalama.lui-kwan@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: 415.477.5700

*Attorneys for Defendant Wells Fargo Bank N.A.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| PAMELA DELPAPA, and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:20-cv-06009-JD<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO STAY, OR IN THE ALTERNATIVE TRANSFER, PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 29, 2020<br>Time: 10:00 a.m.<br>Judge: Hon. James Donato<br>Courtroom: 11, 19th Floor |

## NOTICE OF MOTION AND MOTION TO STAY, OR IN THE ALTERNATIVE TRANSFER, PROCEEDINGS

**PLEASE TAKE NOTICE** that on the 29th day of October, 2020 at 10:00 a.m., in Courtroom 11 on the 19th floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Wells Fargo Bank, N.A. will and hereby does move to stay, or in the alternative transfer, this proceeding on the grounds that a similar case with substantially similar issues and parties was previously filed in another district court.

This motion is based on this Notice of Motion and Motion to Stay, or in the Alternative Transfer, Proceedings and the Memorandum of Points and Authorities in Support of Defendant's Motion to Stay, or in the Alternative Transfer, Proceedings filed on September 11, 2020, the pleadings and papers on file herein, and such other matters as may be presented to the Court at the time of the hearing.

DATED: September 11, 2020     **TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: */s/ Kalama M. Lui-Kwan*
Kalama M. Lui-Kwan

*Counsel for Defendant Wells Fargo Bank N.A.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This matter arises from a class action complaint ("Complaint" or "Compl.") filed by Pamela Delpapa ("Plaintiff") on August 26, 2020. In the Complaint, Plaintiff alleges that following the worldwide outbreak of COVID-19, Congress passed the Coronavirus Aid, Relief and Economic Security ("CARES") Act, which, among other things, instructed mortgage servicers to create mortgage forbearance provisions for all federally backed mortgages. Plaintiffs further allege that Wells Fargo Bank, N.A. ("Wells Fargo"), in its capacity as a mortgage servicer, entered Plaintiff into its COVID-19 mortgage forbearance program and extended her mortgage forbearance period without her request. Plaintiff seeks certification of two similarly defined nationwide and statewide classes: a nationwide class consisting of "[a]ll residential mortgage borrowers with a Government Sponsored Enterprise-backed loan for whom Wells Fargo Bank, N.A., placed a residential mortgage into forbearance under the [CARES] Act without receiving the borrower's request for a forbearance and affirmance that the borrower is experiencing a financial hardship due to COVID-19." Compl. ¶ 39; and a statewide class consisting of "[a]ll residential mortgage borrowers with a Government Sponsored Enterprise-backed loan for whom Wells Fargo Bank, N.A., placed a residential mortgage secured by real property in California into forbearance under the [CARES] Act without receiving the borrower's request for a forbearance and affirmance that the borrower is experiencing a financial hardship due to COVID-19. " *Id.* ¶ 40.

This action, however, is not the first of its kind. Over a month before the Complaint was filed, another plaintiff brought suit in another district.[1] On July 23, 2020, Gerald Forsburg filed a

---

[1] Plaintiff filed a Notice of Pendency of Other Action or Proceeding in accordance with Civil L.R. 13-3. (Dkt. 6). For the reasons set forth herein, a stay or transfer pursuant to the first to file rule would avoid conflict, conserve resources, and promote an efficient determination of the action. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) ("The first-to-file rule was developed to serve the purpose of promoting efficiency well and should not be disregarded lightly.").

1  Case No. 3:20-cv-06009-JD
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WELLS FARGO'S MOTION TO STAY, OR IN THE ALTERNATIVE TRANSFER, PROCEEDING

109944240v2

complaint against Wells Fargo, the servicer of his mortgage, and its parent entity, Wells Fargo and Company, in the United States District Court for the Western District of Virginia ("VA Action").  *See Forsburg v. Wells Fargo & Co and Wells Fargo Bank, N.A.*, No. 5:20-cv-00046 (W.D. Va. July 23, 2020), complaint attached hereto as **Exhibit A.**  On September 1, 2020, an amended complaint was filed in the VA Action, adding three additional plaintiffs, Jenna Doctor and Luis and Marisol Castro; adding state-wide classes for Virginia, Florida, and Texas residents; and alleging violations of the Fair Credit Reporting Act as well as additional state law claims.  *Id.* (Dkt. No. 19, ¶¶ 82–131; 221–248; 249–253; 254–264; 265–273; 274–280; 293–304), attached here to as **Exhibit B.**  In both the initial and amended complaints, the claims are based on the allegation that Wells Fargo, in its capacity as plaintiffs' mortgage provider, entered plaintiffs into Wells Fargo's COVID-19 mortgage forbearance program without plaintiffs' request.  The amended complaint includes allegations regarding the extension of an existing term of forbearance without the plaintiffs' request.  **Exhibit B** at ¶ 154.

The VA Action initially alleged a putative class consisting of "all individuals in the United States [w]hose loans were placed into forbearance by Wells Fargo without the borrowers' consent, but [e]xcluding borrowers who have filed for bankruptcy protection under chapter 13 of the United States Bankruptcy Code."  **Exhibit A** ¶ 97.  Pursuant to the amended complaint, the VA Action now includes four putative classes:  a nationwide class including "[e]very person with residential property encumbered by a lien securing repayment of a loan serviced by Wells Fargo that, subsequent to March 26, 2020, Wells Fargo placed into a forbearance term or extended an existing term of forbearance without such person's consent;" and three state-wide classes including "[e]very person with residential property located in Virginia[, Florida, or Texas] encumbered by a lien securing repayment of a loan serviced by Wells Fargo that, subsequent to March 26, 2020, Wells Fargo placed into a forbearance term or extended an existing term of forbearance without such person's consent. . . . The classes Plaintiffs seek to represent exclude borrowers who have filed for bankruptcy protection under Chapter 13 of the

1 United States Bankruptcy Code." **Exhibit B** ¶¶ 154, 164.[2] In short, the pending action before this Court is virtually identical to the VA Action, which was filed one month earlier than Plaintiff's complaint.

Indeed, when the pleadings in this case and the VA Action are set side-by-side, the substantive similarities are apparent. The rights and duties spring from an identical relationship between the parties and Wells Fargo's allegedly improper actions stem from identical operative facts. Finally, the nationwide relief sought in the VA Action would be equally applicable to Plaintiffs in this case. Due to these manifest parallels, under the first-to-file rule, Wells Fargo seeks to stay this action pending the outcome of the VA Action, or in the alternative, transfer this action to the U.S. District Court for the Western District of Virginia.[3]

## LEGAL STANDARD

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp. Inc. v. Auto Parts Mfg. Miss, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). "The first-to-file rule was developed to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).

---

[2] The VA Action excludes borrowers who have filed for Chapter 13 bankruptcy because counsel in the VA Action also filed a separate putative class action complaint in the United States Bankruptcy Court for the Western District of Virginia seeking to represent a class "consist[ing] of all individuals in the United States who currently are in a Chapter 13 bankruptcy case or were formerly in a Chapter 13 bankruptcy case, and in whose Chapter 13 case Wells Fargo filed a forbearance notice . . ." *Harlow v. Wells Fargo & Co.*, Adv. No. 17-71487 (Bankr. W.D. Va.), Dkt. No. 77-1 at ¶ 174.. Pursuant to 28 U.S.C. § 1334, the U.S. District Court for the Western District of Virginia, where the VA Action is pending, has original jurisdiction over *Harlow*.

[3] Another putative class action complaint with substantive similarities to *Delpapa* and *Forsburg*, *Green v. Wells Fargo Bank, N.A.*, Case No. 3:20-cv-05296-JD, was filed in the U.S. District Court for the Northern District of California on July 31, 2020, and an amended complaint was filed August 17, 2020. Plaintiff moved to relate this matter to *Green* pursuant to Civil L.R. 3-12 and 7-11 on September 4, 2020. *Green v. Wells Fargo* (Dkt. No. 15). On September 8, 2020, this Court issued an Order Relating Case. (Dkt. No. 9). Wells Fargo has moved to stay, or in the alternative transfer, the *Green* matter as well. *Green v. Wells Fargo* (Dkt. No. 19).


United States Bankruptcy Code." **Exhibit B** ¶¶ 154, 164.[2] In short, the pending action before this Court is virtually identical to the VA Action, which was filed one month earlier than Plaintiff's complaint.

Indeed, when the pleadings in this case and the VA Action are set side-by-side, the substantive similarities are apparent. The rights and duties spring from an identical relationship between the parties and Wells Fargo's allegedly improper actions stem from identical operative facts. Finally, the nationwide relief sought in the VA Action would be equally applicable to Plaintiffs in this case. Due to these manifest parallels, under the first-to-file rule, Wells Fargo seeks to stay this action pending the outcome of the VA Action, or in the alternative, transfer this action to the U.S. District Court for the Western District of Virginia.[3]

## LEGAL STANDARD

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp. Inc. v. Auto Parts Mfg. Miss, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). "The first-to-file rule was developed to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).

---

[2] The VA Action excludes borrowers who have filed for Chapter 13 bankruptcy because counsel in the VA Action also filed a separate putative class action complaint in the United States Bankruptcy Court for the Western District of Virginia seeking to represent a class "consist[ing] of all individuals in the United States who currently are in a Chapter 13 bankruptcy case or were formerly in a Chapter 13 bankruptcy case, and in whose Chapter 13 case Wells Fargo filed a forbearance notice . . ." *Harlow v. Wells Fargo & Co.*, Adv. No. 17-71487 (Bankr. W.D. Va.), Dkt. No. 77-1 at ¶ 174.. Pursuant to 28 U.S.C. § 1334, the U.S. District Court for the Western District of Virginia, where the VA Action is pending, has original jurisdiction over *Harlow*.

[3] Another putative class action complaint with substantive similarities to *Delpapa* and *Forsburg*, *Green v. Wells Fargo Bank, N.A.*, Case No. 3:20-cv-05296-JD, was filed in the U.S. District Court for the Northern District of California on July 31, 2020, and an amended complaint was filed August 17, 2020. Plaintiff moved to relate this matter to *Green* pursuant to Civil L.R. 3-12 and 7-11 on September 4, 2020. *Green v. Wells Fargo* (Dkt. No. 15). On September 8, 2020, this Court issued an Order Relating Case. (Dkt. No. 9). Wells Fargo has moved to stay, or in the alternative transfer, the *Green* matter as well. *Green v. Wells Fargo* (Dkt. No. 19).

When considering whether to apply the first-to-file rule, courts in the Ninth Circuit consider three factors: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Kohn*, 787 F.3d at 1239. District courts that implement the first-to-file rule "have discretion to transfer, stay, or dismiss an action if the same parties and issues are already at issue in a proceeding before another district court." *Chess v. Romine*, No.18-cv-05098-JSC, 2018 WL 5794526, at *8 (N.D. Cal. Nov. 2, 2018).

## ARGUMENT

As set forth below, all three of the *Kohn* factors weigh in favor of applying the first-to-file rule in this case. Accordingly, the Court should stay this action pending the outcome of the VA Action, or in the alternative, transfer this action to the Western District of Virginia.

**A.     The VA Action Was The First-Filed Action**

With respect to the chronology of the actions, the VA Action was the first to be filed in a U.S. District Court. Plaintiff in the VA Action filed his initial complaint on July 23, 2020. Plaintiff in this case filed her complaint complaint one month later, on August 26, 2020. *See* **Exhibit A**; (Dkt. No. 1). *Compare* **Exhibit A** *with* Dkt. No. 1 in this case. Therefore, the first factor necessary to invoke the first-to-file rule is satisfied. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982) (affirming application of the first-to-file rule with a difference in filing of three days); *Selection Mgmt. Sys., Inc. v. Torus Specialty Ins. Co.*, No. 4:15-cv-05445-YGR, 2016 WL 304781, at *2 (N.D. Cal. Jan. 26, 2016) ("The instant action was filed about eight hours after defendant's case was filed in Ohio. Therefore [the chronology] factor is satisfied."); *Tricom Rsch., Inc. v. Tactical Support Equip., Inc.*, No. CV 08-2130-RGK, 2008 WL 11338513, at *2 (C.D. Cal. June 27, 2008) (granting motion to transfer and rejecting plaintiff's argument that the importance of an earlier filing is diminished when the time period between both actions was six days); *Alito v. Hoiles*, No. C 04-1395 PJH, 2004 WL 2326367, at *5 (N.D. Cal. Oct. 12, 2004) (granting motion to transfer because first-filed action was filed one week earlier).

B.     **The Parties In The VA Action And This Case Are Substantially Similar**

Next, the overlap of the relevant parties in this case and the VA Action is sufficiently substantial to satisfy the rule's second requirement, i.e., similarity of the parties. With respect to the parties, Wells Fargo is named as a defendant in both and its relationship to the plaintiffs unchanged: servicer of a mortgage that was placed into Wells Fargo's COVID-19 mortgage forbearance program.[4] Although the named plaintiffs in each case are distinct, the proposed classes are "substantially similar," as required to invoke the first-to-file rule. *Kohn Law Grp Inc.*, 787 F.3d at 1239.

"'[T]he first-to-file rule does not require exact identities of the parties' but rather, 'only substantial similarity of the parties.'" *Chess*, 2018 WL 5794526, at *9 (quoting *Kohn*, 787 F.3d at 1240). "The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (E.D. Cal. 2011). When considering class actions, courts in the Ninth Circuit compare the similarities between putative classes rather than named plaintiffs. *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F.Supp.2d 1289, 1295 (N.D. Cal. 2013) (granting a motion to transfer where both plaintiffs sought to represent a class of consumers who suffered the same alleged harms); *see also Molander v. Google LLC,* 5:20-cv-00918-EJD, 2020 WL 4201821, at *3 (N.D. Cal. July 22, 2020) (granting a motion to stay based in part on the similarities of putative classes).[5] "Courts have held that

---

[4] Wells Fargo & Company, the parent corporation of Wells Fargo, is named as a defendant in the VA Action, but not in this case. However, "[t]he different defendants in each case do not alter the character of the suit: in the event that the plaintiffs in either case prevail, the result would be to" obtain relief from Wells Fargo. *Gampala v. Dep't of Homeland* Security, No. 18-cv-02302, 2018 WL 4680182, at *3 (N.D. Cal. Sept. 28, 2018). Accordingly, the fact that Wells Fargo & Company is not included as a defendant in this action does not alter the first-to-file analysis.

[5] While some courts in the Northern District of California have compared individual plaintiffs in each lawsuit where class had not yet been certified, "the more widely accepted rule" is that of "comparing the putative classes even prior to certification." *Wallerstein*, 967 F. Supp. 2d at 1295 (collecting cases). Furthermore, citizenship of named plaintiffs is immaterial to

proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Wallerstein*, 967 F. Supp. 2d at 1295 (internal citation omitted).

Applying this standard, courts in this District have held that substantial similarity exists even where some putative plaintiffs would not qualify for the class as alleged in the first-filed action. *Retina Assocs. Med. Grp., Inc. v. Olson Rsch. Grp., Inc.*, No. SA CV 18-1997-DOC-KES, 2019 WL 3240110, at *3 (C.D. Cal. March 20, 2019) (emphasis added) (internal quotations omitted). For example, in *Retina Associates*, the plaintiffs argued that their putative class was not substantially similar to that of an earlier filed action because the "proposed class periods [were] not identical," meaning that not all putative class members could opt into the first-filed action. *Id*. The court rejected that argument, finding differences between the putative classes did "not preclude an application of the first-to-file rule because the proposed classes" sought "to represent at least some of the same individuals." *Id*.; *see also Wallerstein*, 967 F. Supp. 2d at 1296 ("Although plaintiff in the [first-filed action] seeks to represent a potentially larger class, plaintiffs in both actions intend to represent at least a nationwide class."). The inclusion of a state-specific class in a later-filed action does not change the analysis. *Sporn v. TransUnion Interactive, Inc.*, No. 18-cv-05424-YGR, 2019 WL 151575, at *5 (N.D. Cal. Jan. 10, 2019) (granting a motion to transfer where plaintiff alleged a California class that would be subsumed in the first-filed action's nationwide class); *see also Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) (denying motion under first-to-file rule, but noting substantial similarity between the parties where the later-filed action included a state-wide class that was absent in the first-filed action).

In the instant action, Plaintiff seeks to represent a national and state-specific class of individuals consisting of "[a]ll residential mortgage borrowers with a Government Sponsored

---

similarity where plaintiffs "are themselves similar because they both allege" they suffered the same harm as a result of the defendant's actions. *Id*.

Enterprise-backed loan for whom Wells Fargo Bank, N.A., placed a residential mortgage into forbearance under the [CARES] Act without receiving the borrower's request for a forbearance and affirmance that the borrower is experiencing a financial hardship due to COVID-19." Compl. ¶ 39.  Likewise, the plaintiffs in the VA Action seek to represent "[e]very person with residential property encumbered by a lien securing repayment of a loan serviced by Wells Fargo that, subsequent to March 26, 2020, Wells Fargo placed into a forbearance term or extended an existing term of forbearance without such person's consent."  **Exhibit B** ¶ 154.[6]  Accordingly, "[i]f the collective action in [the VA Action] is certified, [Plaintiff] may be able to opt in." *Adoma*, 711 F. Supp. 2d at 1148.

It is not material that the VA Action's putative class excludes borrowers who have filed for Chapter 13 bankruptcy because both actions seek to represent at least some of the same individuals: individuals who were allegedly involuntarily entered into Wells Fargo's COVID-19 mortgage forbearance program.[7]  *See Retina Associates Medical Group, Inc.*, 2019 WL 3240110, at *3.  Similarly, the fact that the instant action includes different, state-specific classes does not affect this analysis because those classes could be "subsumed in the putative nationwide class in" the VA Action.  *Sporn*, 2019 WL 151575, at *5.  Furthermore, all named plaintiffs and putative class members in both actions have the same relationship with Wells Fargo and allege that they

---

[6] Wells Fargo cites to the class definition provided in the amended complaint, but notes that the initial definition offered was: "all individuals in the United States [ ] [w]hose loans were placed into forbearance by Wells Fargo . . . [e]xcluding borrowers who have filed for bankruptcy protection under chapter 13 of the United States Bankruptcy Code."  **Exhibit A** ¶ 97.  That definition is also substantially similar to the definition provided in this case.  Accordingly, Plaintiff would be able to opt into the VA Action based on either class definition.  Furthermore, it would not have been material that the VA Action's putative class does not include those whose "forbearance term was involuntarily extended" because both actions seek to represent at least some of the same individuals: all those who were allegedly involuntarily entered into Wells Fargo's COVID-19 mortgage forbearance program.  *Retina Associates Medical Group, Inc.*, 2019 WL 3240110, at *3.

[7] As noted above, borrowers who have filed for Chapter 13 bankruptcy and were allegedly involuntarily entered into Wells Fargo's COVID-19 mortgage forbearance program are included in the putative class in *Harlow*, over which the U.S. District Court for the Western District of Virginia has original jurisdiction pursuant to 28 U.S.C. § 1334.  *See supra*, n.2.

experienced identical harm. *Retina Associates Medical Group*, 2019 WL 3240110, at *3. These similarities satisfy the second requirement of the first-to-file rule.

### C.   The Issues In The VA Action And This Case Are Substantially Similar

Finally, the third factor of the first-filed rule—*i.e.*, the similarity of the issues—also favors a stay. *Kohn*, 787 F.3d at 1241(affirming the District Court's stay of proceedings where the questions as the "heart" of the issue were the same). At their core, the VA Action and this case involve nearly identical accusations and seek the same general relief.

For the purposes of the first-filed rule, "[t]he issues in both cases . . . need not be identical, only substantially similar." *Campbell v. First Am. Fin. Corp.*, No. 19-cv-03695-LB, 2019 WL 3576956, at *2 (N.D. Cal. August 5, 2019) (alterations in original) (internal quotation omitted). "To determine whether two suits involve substantially similar issues, [the Ninth Circuit] look[s] at whether there is 'substantial overlap' between the two suits." *Kohn*, 787 F.3d at 1241. There is "substantial overlap" where the same question "is at the heart" of both actions. *Id*. That the complaints "assert different causes of actions does not compel a different result." *Riffel v. Regents of the Univ. of Cal.*, No. 2:19-cv-08286-CAS, 2019 WL 5978784, at *5 (C.D. Cal. Nov. 12, 2019).

Applying this standard, courts have found issues to be substantially similar where the claims alleged against defendants are not identical but arise from the same set of operative facts. *Ruff v. Del Monte Corp.*, Nos. C 12-05251 JSW, C 12-05323 JSW, 2013 WL 1435230, at *1–3 (N.D. Cal. Apr. 9, 2013); *see also Adoma* 711 F. Supp. 2d at 1149 ("Plaintiff's additional FLSA theory does not necessarily prevent the application of the first to file rule"). For example, in *Ruff*, the first-filed action alleged claims arising under federal and Pennsylvania law, whereas two later-filed actions alleged claims arising under federal and California law. The *Ruff* court found the issues to be substantially similar because each of the cases raise *similar* claims based on the same factual allegations. *Id*. Likewise, another court in this District found that the issues were substantially similar even though each action raised different claims. *Campbell v. First American Financial Corp.*, No. 19-cv-03695-LB, 2019 WL 3576956, at *3 (N.D. Cal. Aug 5,

2019) (granting a motion to transfer where plaintiffs in the first-filed action did not bring two of the claims pled in the second-filed action); *see also Sporn*, 2019 WL 151575, at *6 (granting a motion to stay and reasoning that "although the claims in the instant action and [the first-filed action] are based on different statutes, the factual basis thereof and the legal issues presented therein are substantially the same").  Finally, differences in remedies requested are immaterial. *Pacesetter Systems*, 678 F.2d at 95–96 (affirming the application of the first-to-file rule where the central questions in each action are identical, but the actions sought different remedies).

In this case, the issues are substantially similar to the issues in the VA Action.  In fact, the questions "at the heart" of these actions are identical and based entirely on the alleged participation by both sets of plaintiffs in Wells Fargo's COVID-19 mortgage forbearance program.  *Kohn*, 787 F.3d at 1241; *see also* **Exhibit A**, ¶¶ 12–35; **Exhibit B**, ¶¶ 16–52; Compl.,¶¶ 14–38.  In short, the complaints in both cases allege that Wells Fargo's implementation of the CARES Act's forbearance requirements resulted in plaintiffs' placement into Wells Fargo's COVID-19 mortgage forbearance program without their request.  Based on that factual allegation, plaintiffs in both actions request injunctive relief and damages.  Although the relief requested in the VA Action stems from different causes of action, that fact does not destroy the similarity of the issues because the Western District of Virginia must still consider and address the facts that would adjudicate Plaintiff's claims.  *Ruff*, 2013 WL 1435230, at *1–3; *Campbell*, 2019 WL 3576956, at *3.  Finally, while relief requested in the two actions is not identical, those differences do not negate the substantial similarities between the actions. *Pacesetter Systems, Inc.*, 678 F.2d at 95–96; *Sporn*, 2019 WL 151575, at *6.  Accordingly, the final factor also weighs in favor of staying this proceeding in favor of the VA Action.

## CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court stay this action pending the outcome of the VA Action, or in the alternative, transfer this action to the U.S. District Court for the Western District of Virginia.

DATED: September 11, 2020

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: */s/ Kalama M. Lui-Kwan*
Kalama M. Lui-Kwan

*Counsel for Defendant Wells Fargo Bank N.A.*